IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 20, 2013

**STATE OF TENNESSEE v. DAVID EARL FREEMAN**

**Appeal from the Criminal Court for Hamilton County**
**No. 250957, 265166, 265167, 251530, 253811   Rebecca Stern, Judge**

---

**No.  E2013-01292-CCA-R3-CD - Filed February 12, 2014**

---

Appellant, David Earl Freeman, pled guilty to three counts of theft of property and three counts of misapplication of funds in Hamilton County.  He was sentenced to an effective sentence of sixteen years and placed on probation.  He was also ordered to pay restitution to the victims.  Subsequently, Appellant pled guilty to one count of theft of property and one count of passing a worthless check.  A four-year sentence was imposed and ordered to run consecutively to the sixteen-year sentence.  The new sentence was to be served on probation, and Appellant was ordered to pay restitution to the victims.  A probation violation warrant was filed based in part on Appellant's failure to pay restitution payments and the fact that he was convicted of several new charges in North Carolina.  The trial court revoked Appellant's probation and ordered him to serve the remaining fourteen years of his sentence in incarceration.  After a review of the record and authorities, we determine that the trial court did not abuse its discretion in revoking Appellant's probation as there was evidence to support the conclusion of the trial court that a violation of the conditions of probation occurred.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court IS Affirmed..**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Ardena J. Garth, District Public Defender and Richard Kenneth Mabee, Assistant District Public Defender, for the appellant, David Earl Freeman.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William H. Cox, III, District Attorney General, and Matthew Rogers, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

On September 15, 2004, the Hamilton County Grand Jury indicted Appellant in case number 250957 for one count of theft of property valued over $1,000 with the victim identified as Vivian Putnam. On October 27, 2005, the Hamilton County Grand Jury indicted Appellant in case number 251530 for one count of theft of property valued over $1,000 with the victim identified as AmSouth Bank. On April 20, 2005, the Hamilton County Grand Jury indicted Appellant in case number 253811 for one count of theft of property valued over $1,000 with the victim listed as Valentin Stelmach. On September 28, 2005, Appellant pled guilty to these three counts, along with three counts of misapplication of payments. He was sentenced to two years for each misapplication of payments conviction, and he was sentenced to four years each for case numbers 250957 and 251530, and two years for case number 253811. The sentences were run consecutively for an effective sentence of sixteen years. The full sentence was ordered to be served on supervised probation. He was also ordered to pay restitution to the victims as a condition of his probation.

On August 15, 2007, Appellant was indicted by the Hamilton County Grand Jury in case number 265166 for one count of theft of property valued over $1,000 with the victim identified as Boyd Hargraves, and in case number 265167 for one count of passing a worthless check in the amount of $2,157.69. On March 25, 2008, Appellant pled guilty to both charges. He was sentenced to two years for each conviction to be served consecutively to the previous charges and each other. This sentence was also ordered to be served on supervised probation. Appellant was also ordered to pay restitution to the victims.

On June 11, 2010, a probation violation report was filed on Appellant. The probation officer listed the following violations:

> 1. I will obey the laws of the United States , or any State in which I may be, as well as any municipal ordinances.
>
> 6. I will allow my Probation Officer to visit my home, employment site, or elsewhere, will carry out all lawful instructions he or she gives; will report to my Probation Officer as instructed; will comply with the mandates of the Administrative Case Review Committee, if the use of that process is approved by the Court; will comply with a referral to Resource Center

programs, if available, by attending; and will submit to electric monitoring and community service if required.

9. I agree to pay all required fees to the Supervision and Criminal Injuries fund unless waived by appropriate authorities. Additionally, if so ordered by the court, I will pay all imposed fines and court costs.

10 I will observe any special conditions imposed by the Court as listed below:
**\* Restitution still owed to multiple victims, in the amount of $176,606.36**

11. I will provide a biological specimen for the purpose of DNA analysis, such specimen to be collected and forwarded by the approved agency to TBI, pursuant to T.C.A. § 40-35-321.

The report also listed the specific way in which Appellant had violated his probation. The report stated that in May or June 2010, Appellant was arrested in High Point, North Carolina for "Felony conversion, Fail to Work After Paid (x7), Obtain Property False Pretense (x6), Failure to Give Right to Cancel in Off-Premises Sales, Impersonating a General Building Contractor and Felony Worthless Check." Also, Appellant failed to mail restitution payments post-marked by the 15th of the month; never paid on his court costs and court fines and still owed $8,231; failed to send in his $250 restitution payments for September 2009, and March, April, and May 2010; and failed to submit a DNA sample.

The trial court held a probation revocation hearing on May 20 and 23, 2013. William Byrd Elliott was the first witness at the hearing. He testified that Appellant was recommended to him by a contractor to use for constructing cabinets in Mr. Elliott's new house. Mr. Elliott testified that he paid Appellant $26,000 for cabinets, and Appellant never built the cabinets. He stated that Appellant pled guilty to the charges and was ordered to pay restitution in the amount of $26,000. Mr. Elliott stated that he received approximately $6,500.

Appellant's probation officer also testified. She testified that she had been supervising his probation since November 2008. Appellant was living in North Carolina at that time. The probation officer stated that she based the violation in part on twelve new charges Appellant obtained for similar offenses to the ones at hand. She had certified records showing convictions from ten different counties. Appellant's probation officer stated that Appellant had felony convictions. She stated that he received a sentence of several months in the North Carolina Department of Corrections and probation for some of the charges. She

-3-

also testified regarding the other violations listed and explained in the violation report regarding Appellant's failure to make restitution payments, failure to make restitution payments on time, failure to pay court costs and fines, and failure to submit a DNA sample.

Appellant also testified at the hearing. Appellant basically stated that he was a bad businessman and had made some mistakes. He admitted that he pled guilty to charges based on not finishing various construction jobs he had contracted to perform. He stated that he received three years jail time and probation time. Appellant also testified that he owed restitution to the victims in North Carolina. At the conclusion of the hearing, the trial court revoked Appellant's probation and ordered that Appellant serve the balance of his original sentences.

## **ANALYSIS**

On appeal, Appellant argues that the trial court abused its discretion and erred in revoking his probation. The State disagrees.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310 & -311. After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-35-308(c) & -311(e); *See also State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.*

The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

We have reviewed the record on appeal and find ample evidence to support the trial court's conclusion that a violation of probation occurred. Evidence was presented that

Appellant was convicted of additional charges in North Carolina, failed to make restitution payments on time, failed to pay court costs and fines, failed to make restitution payments for several months, and failed to submit a DNA sample. Appellant admitted some of the violations in his testimony, including the fact that he pled guilty to new charges in North Carolina. He stated that these violations occurred because he was a bad businessman. Based on the evidence presented, we conclude that the trial court did not abuse its discretion in concluding that Appellant violated the terms of his probation.

When a trial court has determined that a defendant has violated the terms of his probation, the trial court may choose to order the defendant to serve the remainder of his sentence in incarceration. *See* T.C.A. §§ 40-35-308(c) & -311(e); *Hunter*, 1 S.W.3d at 647-48. In the case at hand, the trial court decided to do so. Based on the record before us, we find no abuse of discretion.

## CONCLUSION

For the foregoing reasons, the revocation of Appellant's probation is affirmed.

_____
JERRY L. SMITH, JUDGE